Eastern District of Kentucky
FILED
JUL 12 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 06-150-JMH

UNITED STATES OF AMERICA            PLAINTIFF

V.            **PLEA AGREEMENT**

DAVID WAYNE HURST            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 2422(b). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1.

2. The essential elements of Count 2 are:

    (a) That the Defendant knowingly used a facility of interstate commerce described in the indictment, that is a computer, to attempt to persuade, induce, entice, or coerce an individual under the age of eighteen to engage in sexual activity, as charged;

    (b) That the Defendant believed that such individual was less than eighteen years of age;

    (c) That if the sexual activity had occurred, the Defendant could have been charged with a criminal offense under the law of Kentucky; and

    (d) That the Defendant acted knowingly and willfully.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (A) From in or around December 2004, and continuing through in or about April 2005, the exact dates unknown, the Defendant attempted to persuade, induce, entice, and coerce a fourteen year-old female in Mercer County, Kentucky, in the Eastern District of Kentucky, to engage in sexual activity for which he could be charged with a criminal offense, that is sexual intercourse with a fourteen year-old female. The Defendant attempted to persuade the fourteen year-old female to engage in the criminal sexual activity through numerous instant message chats with the fourteen year-old female, which occurred using a computer.

    (B) At the time of the relevant instant message chats, the Defendant admits that he was twenty-eight years of age and a resident of Columbia, Tennessee and that the fourteen year-old female was a resident of Mercer Co, Kentucky. The Defendant also admits that during these chats, he attempted to persuade, induce, and entice the fourteen year-old minor female to engage in sexual intercourse with him and that, had this sexual activity occurred, that it would have been a criminal offense under Kentucky law. The Defendant also admits that the instant messages occurred using a means and facility of interstate commerce, that is, a computer, and that the messages traveled between Tennessee and Kentucky during their transmission. Finally, the Defendant admits that on April 30, 2005, he traveled from Tennessee to Mercer Co., Kentucky, to meet the fourteen year-old female for the purpose of engaging in sexual activity.

4. The maximum statutory punishment for Count 2 is imprisonment for not less than 5 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not more than any term of years or life. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 2004, manual, will determine the Defendant's guideline range.

    (b) Pursuant to U.S.S.G. § 2G1.3, the base offense level is 24.

    (c) Pursuant to U.S.S.G. § 2G1.3(b)(2)(B), increase the offense level by 2 for unduly influencing a minor to engage in prohibited sexual conduct.

    (d) Pursuant to U.S.S.G. § 2G1.3(b)(4)(a), increase the offense level by 2 because the offense involved the commission of a sex act or sexual contact.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The Defendant understands that the United States reserves the right to argue that the Defendant's solicitation of other minor females outside the Eastern District of Kentucky, and his possession of child pornography outside the Eastern District of Kentucky, should count as relevant conduct for which the Guideline calculations set forth in Paragraph 5 should be increased, or alternatively, which should serve as the basis for an upward departure and/or variance from the applicable sentencing guideline range. The Defendant reserves the right to argue that such conduct should not count as relevant conduct and should not increase the Guideline calculations set forth above, nor serve as a reason for an upward departure and/or variance.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the applicable advisory sentencing guidelines range.

9. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, and conviction, including any order of restitution.

10. ~~The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and to sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.~~

*Omit Para #10* [handwritten annotation with initials and date 9-12-07]

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all

financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

|  |  | AMUL R. THAPAR<br>UNITED STATES ATTORNEY |
|---|---|---|
| Date: 7-12-07 | By: | *(signature)*<br>Erin J. May<br>Assistant United States Attorney |

Date: 7-12-07

*(signature)*
David Wayne Hurst
Defendant

Date: 7-12-07

*(signature)*
Joe A. Jarrell
Attorney for Defendant

APPROVED, this 12th day of July, 2007.

*(signature)*
Joseph M. Hood
UNITED STATES DISTRICT JUDGE