UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 06-150-JMH

UNITED STATES OF AMERICA                                     PLAINTIFF

V.

DAVID WAYNE HURST                                        DEFENDANT

### SENTENCING MEMORANDUM

Comes the defendant, David Wayne Hurst, by counsel and respectfully submits the following as his sentencing memorandum. This memorandum will address whether the defendant shall be entitled to custody time credit for previous time served with the Kentucky Department of Corrections due to the fact that his Kentucky State Court conviction arose out of the singular offense which occurred in Burgin, Kentucky on April 30, 2005, and from which he was charged in both State and Federal Court. The facts underlying the Kentucky charge and conviction were not only relevant conduct, but the same conduct. It is asserted that U.S.S.G. § 5G1.3 warrants that the above that the above defendant should receive credit for the time that he has already served from his Kentucky State Court conviction and that it applied to reduce the sentence that he is about to receive. Said credit could be called a downward departure.

As stated after his April 30, 2005 arrest in Burgin, Kentucky the above defendant was charged with the state offense of sexual abuse in the first degree to which he accepted responsibility and pled to that offense shortly thereafter and was sentenced to a period of two (2) years imprisonment. A little over two (2) years later counting presentencing and post sentence time served he was released in April 2007. During his service of his State Kentucky sentence he was indicted

in the Eastern District of Kentucky on September 21, 2006 for the current offenses. Almost seven (7) months later upon his release from completion of service of his Kentucky sentence he made his initial appearance in the Eastern District of Kentucky on April 30, 2007.

This is a sentence where the defendant has actually has finished his state time rather than having a remaining undischarged term of imprisonment in those jurisdictions. It is argued that the United States Sentencing Guidelines § 5 G1.3 should apply in this instance and the Federal sentence to which he is about to receive should be reduced by the time that he has served so that there will be no double time or punishment. Although § 5 G1.3 (b)(1 and 2) state that the court shall adjust the sentence for any period of imprisonment already served on a <u>undischarged</u> term of imprisonment..(1) and sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment...(2) the above defendant has already finished his sentence in State Court. The policy statement §5 G1.3(C) states that in any other case involving an undischarged term of imprisonment the sentence for this offense may be imposed to run concurrently, partially concurrently or consecutive to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. In Defendant's case with him having served his time already and in the interest of fairness the commentary to §5G1.3 (2)(d) does show an the example of time calculation where the defendant can be given credit for the time that he has already served in the related State charge.

It is understood that it is a simpler and cleaner process to wait for the defendant to finish his state time and then be released to his Federal holder for his Federal indictment but due to the resulting delay the defendant would have been in a better position, had his Federal case been adjudicated much earlier.. Why should he be placed in a position where he would receive a harsher penalty because he has served out his state sentence? He should therefore be entitled to credit for

the two (2) years state time he has served which should be applied to reduce his sentence at his up coming sentencing.

                                                      Respectfully submitted,

                                                      /S/JOE A. JARRELL
                                                      JOE A. JARRELL
                                                      129 West Short Street
                                                      Lexington, Kentucky 40507
                                                      Telephone: (859) 233-3963
                                                      Fax No.: (859) 225-4746
                                                      Email: firstfloorlaw@alltel.net
                                                      Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following or by first class mail to any non-CM/ECF participants:

Hon. Erin J. May
Assistant U.S. Attorney
260 West Vine Street
Lexington, Kentucky 40507

                                                      /s/ JOE A. JARRELL
                                                      _____