UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 06-150-JMH            *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                             PLAINTIFF

V.                       RESPONSE TO SENTENCING
                                  MEMORANDUM

DAVID WAYNE HURST                                                    DEFENDANT

\* \* \* \* \*

Comes now the United States, by and through counsel, and hereby responds to the defendant's sentencing memorandum, requesting that he receive credit for time served on a previously discharged sentence of imprisonment for a state offense. Because United States Sentencing Guideline §5G1.3 does not apply to this situation, the defendant's request should be denied.

## FACTS

In approximately January 2005, the defendant began corresponding with a 14 year-old female in the Eastern District of Kentucky via the internet. The defendant and the 14 year-old female engaged in numerous e-mail and chat communications, during which the defendant solicited the 14 year-old female to engage in sexual acts with him. On April 30, 2005, the defendant traveled from his home state of Tennessee to the Eastern District of Kentucky. He arrived at the 14 year-old female's home, where he

engaged in touching the 14 year-old females breasts, butt, and thighs. When the defendant continued to pressure the 14 year-old female to go to her bedroom, the 14 year-old female's friend called the police, who arrived while the defendant was present in the home.

As a result of these actions, the defendant was arrested and charged in state court with offenses related to the sexual activity between the defendant and the 14 year-old girl. The defendant pled guilty in state court to Sexual Abuse 1st degree and served approximately two years on that offense. While he was serving his state offense, the defendant was indicted in federal court on charges that he enticed a minor to engage in unlawful sexual activity using a means and facility of interstate commerce, and that he traveled in interestate commerce for the purpose of engaging in an unlawful sexual activity. Ultimately, the defendant pled guilty to the charge of enticing a minor to engage in unlawful sexual activity using a means and facility of interstate commerce, and the charge of traveling in interstate commerce was dismissed.

## ANALYSIS

The defendant argues that he should be given credit under U.S.S.G. § 5G1.3 for the time he spent in state custody as a result of pleading guilty to Sexual Abuse 1st Degree. The defendant is incorrect. The defendant cannot use U.S.S.G. § 5G1.3 as a mechanism to obtain credit for the time he spent in state custody because § 5G1.3 does not apply in situations where the defendant has completed their sentence of imprisonment. *United States v. Knight*, 9 Fed. Appx. 355, 357. (6th Cir. May 8, 2001) (unpublished) (rejecting defendant's argument that time spent in prison on a completed state court

sentence, which arose from events related to the federal offense, should be credited to his federal sentence because "unless the defendant is serving an undischarged term of imprisonment at the time of his federal sentencing, § 5G1.3 does not apply."). In this case, the defendant's term of imprisonment for Sexual Abuse had been discharged. Thus, § 5G1.3 is inapplicable to the circumstances of this case.[1] Moreover, the Sixth Circuit has also rejected the defendant's argument that he should not be penalized because he did not start serving his federal sentence until after completion of his state term of imprisonment. *Id*. (holding that it is not "unfair for the government to lengthen [the defendant's] overall time served by waiting to charge him until after completion of his state sentence.").

## **CONCLUSION**

Based on the foregoing reasons, the defendant's request to be given credit for the time served on his state offense should be denied.

---

[1] The United States would note that, although U.S.S.G. § 5G1.3 does not apply to this situation, U.S.S.G.§ 5G1.3 Application Note 4 and U.S.S.G. § 5K2.23, gives the Court discretion to grant the defendant a downward departure based upon his discharged term of state custody.

          Respectfully submitted,

          AMUL R. THAPAR
          UNITED STATES ATTORNEY


By:    _s/Erin J. May_____
        Assistant United States Attorney
        601 Meyers Baker Rd.
        London, Kentucky 40741
        Phone: (606) 864-5523, ext. 115
        Fax: (606) 864-3590
        Email: Erin.May@usdoj.gov

## CERTIFICATE OF SERVICE

On October 4, 2007, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

    Joe A. Jarrell
    *Attorney for David Wayne Hurst*


        s/ Erin J. May_____
        Assistant United States Attorney
        UNITED STATES ATTORNEY